UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYNELL BLAIR, on behalf of himself and all others similarly situated, | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| MEL'S TRANSPORTATION, II, LLC and MELISSA FALLS | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Raynell Blair, and files this Complaint against Defendants, Mel's Transportation, II, LLC ("Mel's") and Melissa Falls ("Falls") (collectively "Defendants"), who asserts claims on behalf of himself and all others similarly situated, seeking unpaid minimum wages and overtime, liquidated damages owed to them for not being paid minimum wage and overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA"). Plaintiff additionally asserts individual claims for the difference between his hourly rate and the minimum wage rate for all hours that he was not paid, unlawful deductions wrongfully withheld from his pay and unpaid accrued vacation pay, plus 90 days penalty wages under Louisiana's Final Wage Payment Act, 32:L631, et seq. ("FWPA").

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages, liquidated damages, damages for retaliatory discharge under the FLSA and reasonable attorney's fees and costs. Thus, jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331.

2. Jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367 because those claims arise out of the same transaction and occurrence giving rise to his federal law claims.

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Louisiana.

5. At all times material hereto Defendant Mel's was, and continues to be a Louisiana corporation. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Orleans Parish, Louisiana.

6. At all times material hereto, Defendant Falls was, and continues to be, a resident of the State Louisiana. Falls is the owner and operator of Mel's and is named as a joint employer of Plaintiff and the proposed FLSA Collective Action Class Plaintiffs.

**PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA**

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

10. At all times material hereto, Defendants were the Plaintiff's "employers" within the meaning of FLSA.

11. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**DEFENDANTS ARE PLAINTIFF'S JOINT EMPLOYERS**

14. All previous paragraphs are incorporated by reference herein.

15. At all times material hereto, Defendants operated as a single enterprise so as to constitute Plaintiff's "joint employers" under the FLSA.

16. At all times, Defendants controlled the time, manner and place where Plaintiff worked. Plaintiff had no control over the location where he worked for each shift,

how long he worked for each shift or the manner in which he performed his work. This was determined by Defendants collectively.

17. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiff's "joint employers" under the FLSA because his "employment by one Defendant is not completely disassociated from employment by the other Defendant" and therefore "all of the employee['s] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

## FACTUAL ALLEGATIONS

18. All previous paragraphs are incorporated by reference herein.

19. Defendants operate a taxi service whereby they transport patients to various medical facilities in the Greater New Orleans Area.

20. In August 2016, Plaintiff began working for Defendants as a Driver.

21. Plaintiff generally worked around 12 hours per day delivering patients to and from appointments.

22. He often worked in excess of 40 hours per week.

23. His rate of pay was $12.50 per hour.

24. Defendants automatically deducted 30 minutes from each shift he worked for a "meal break," despite the fact that, due to the nature of Defendants' business, Plaintiff regularly and routinely was not fully relieved from his duties for 30 minutes during this supposed "meal break."

25. Defendants' "meal break" policy was applied to all employees and indeed, Defendants often forced employees to record a "meal break" that was never taken so as to avoid paying them for this time.

26. Moreover, Defendants often did not issue Plaintiff and the FLSA Collective Action Class their checks on time, causing them to not be paid timely for hours worked for Defendants.

27. In this manner, Defendants failed to pay Plaintiff and the FLSA Collective Action Plaintiffs for all overtime hours that they worked.

28. In addition, Defendants repeatedly took unlawful deductions from Plaintiff's pay, including deductions from his pay for long term disability insurance that they did not pay to the insurance company, which often reduced his pay to below the federally mandated minimum wage and overtime payments.

29. Finally, despite the fact that Plaintiff earned and has accrued 32 hours of paid vacation time, Defendant refuses to pay him for that time.

30. Plaintiff ceased working for Defendants in April, 2017.

31. Plaintiff sent Defendants a demand for his final wages on July 28, 2017; to date, he has not been paid.

## COLLECTIVE ACTION ALLEGATIONS

32. All previous paragraphs are incorporated as though fully set forth herein.

33. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the State of Louisiana who worked for Defendants since 2014, who were paid by the hour, and who had a 30-minute meal break automatically deducted from each shift they worked even though they were not fully relieved of all duties, in direct violation of the FLSA.

34. In this manner, Defendants failed to pay the Plaintiff and the FLSA Plaintiffs minimum wage and overtime pay to which they were, and are, entitled to be paid under the FLSA.

35. Plaintiff brings this action as a collective action under the FLSA to recover unpaid minimum wages, unpaid overtime, an equal amount as liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendants due to Defendants' failure to accurately record the hours that they worked, failure to pay them minimum wages for all hours that they worked and failure to pay them overtime for all hours that they worked in excess of 40 per week.

36. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendants' improper policies and practices, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last two years. It would be impractical to join all of those employees and former employees in this action.

37. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendants' payroll and other personnel records.

38. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and email.

39. Plaintiff's claim for unpaid minimum wage and overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent via the Class in that:

    (a) Plaintiff and similarly situated employees worked for Defendants as hourly employees and were subject to the same job scheduling policies and payment practices (although they may have been paid a different hourly rate).

    (b) Plaintiff is personally aware that Defendants had a policy automatically deducting 30 minutes from each hourly employee's shift for a "meal break" without regard for whether that hourly employee was relieved of all duties during this supposed "meal break."

    (c) Plaintiff is personally aware that Defendants treated other similarly situated employees of Defendants in this same manner, meaning that similarly situated employees were not paid the federal minimum wage for all hours worked for Defendants.

    (d) Moreover, Plaintiff is also personally aware that other similarly situated employees of Defendants routinely worked in excess of 40 hours per week, but not paid overtime for all hours worked in excess of 40 hours per week due to its unlawful automatic deduction of 30 minutes per shift from their pay.

    (e) Although the number of hours worked by Plaintiff and FLSA Collective Plaintiffs may differ, the payment scheme of

        automatically deducting 30 minutes from each shift hourly employees worked for a meal break without regard for whether the employee took a meal break, as defined by the FLSA, was applied to all hourly employees who worked for Defendants. The hours each employee worked should be readily determinable by review of Defendants' records and via the Plaintiff and FLSA Collective Action Plaintiffs' best recollection where Defendants' records are incomplete, incorrect or otherwise inadequate.

    (f)    Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

40. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

41. Plaintiff requests that the Court authorize notice to the FLSA Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages, unpaid overtime compensation and liquidated damages under the FLSA.

**COLLECTIVE ACTION CAUSES OF ACTION**
**COUNT I: FAILURE TO PAY MINIMUIM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 ET. SEQ.**

42. All previous paragraphs are incorporated as though fully set forth herein.

43. As a result of Defendants' automatic deduction of 30 minutes of pay from each shift that they worked, Plaintiff and the FLSA Collective Action Plaintiffs were not paid at the federally-mandated minimum wage rate for all hours that they worked for Defendants.

44. In addition, as a result of Defendants' automatic deduction of 30 minutes of pay from each shift that Plaintiff and the FLSA Collective Action Plaintiffs worked, Plaintiffs and the FLSA Collective Action Plaintiffs were not paid at the federally-mandated overtime rate for each and every hour that they worked in excess of 40 hours per week.

45. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, entitled to be paid at the federally mandated minimum wage rate for all hours that they worked for Defendants.

46. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, also entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours.

47. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

48. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at the mandatory minimum wage rate for all hours worked and/or their failure to compensate them at the statutory rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when they knew, or should have known, such was and is due.

50. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost minimum wage and lost compensation for time worked over 40 hours per week, plus liquidated damages.

52. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### PLAINTIFF'S INDIVIDUAL CLAIMS
### COUNT II: VIOLATION OF LOUISIANA'S FINAL WAGE PAYMENT ACT, LA. R.S. 23:631

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Louisiana's Final Wage Payment Act mandates that an employer pay all employees their full and final wages on the earlier of their next regular pay date or within fifteen days of their termination or resignation. La. R.S. 32:631.

55. Defendants, through their actions of failing to pay Plaintiff for each and every hour that he worked within the time period stipulated by La. R.S. 32:631 have violated the Final Wage Payment Act.

56. Specifically, Defendants have failed to pay Plaintiff the difference between the federal minimum wage and his hourly rate of pay for all hours he worked for them; have failed to pay Plaintiff all sums that they wrongfully withheld from his pay; and have failed to pay Plaintiff for 32 hours of accrued vacation pay.

57. Plaintiff made written demand for these payments at the place where he was paid on July 28, 2017, but, to date, he has not been paid.

58. As a result of Defendants' unlawful actions, Plaintiff is entitled to payment of his wages in full, 90 days' penalty wages and attorneys fees and costs.

## ATTORNEY'S FEES

59. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Action Plaintiffs in this litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

60. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raynell Blair prays that judgment be entered in his and the FLSA Collective Action Plaintiffs' favor and against Defendants,

    a. Declaring that Defendants' actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs minimum wage for all

hours they worked and its failure to pay them time and one-half their regular rate of all of the hours they worked in excess of 40 per week is in violation of the FLSA;

b. Awarding Plaintiff and the FLSA Collective Action Plaintiffs an amount equal to their unpaid minimum wages and overtime, plus an equal amount as liquidated damages;

c. Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorneys fees and costs;

d. Declaring that Defendants' failure to pay Plaintiff his full and final wages is in violation of Louisiana's Final Wage Payment Act;

e. Awarding Plaintiff his final wages in full;

f. Awarding Plaintiff 90 days penalty wages as set forth in the Final Wage Payment Act;

g. Awarding Plaintiff attorneys fees and costs as set forth in the Final Wage Payment Act;

h. Interest from the date of demand; and

i. All other relief to which Plaintiff and/or the FLSA Collective Action Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff and the FLSA Collective Action Plaintiffs

**PLEASE SERVE:**

Mel's Transportation, II, LLC
Through its registered agent, Melissa Falls

and

Melissa Falls, individually
4048 Tall Timbers Drive
New Orleans, LA 70131